# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

WENDY CHIU,

    Plaintiff,

v.                                                    Case No: 8:16-cv-306-T-24 JSS

THE TERMINIX COMPANY
INTERNATIONAL, L.P.,

    Defendant.

_____

## ORDER

    This cause comes before the Court on Plaintiff's Motion to Remand (Dkt. 11). Defendant opposes the motion. (Dkt. 9). As explained below, the motion is denied.

**I.  BACKGROUND**

    Plaintiff Wendy Chiu alleges the following in her amended complaint. Dkt. 2. On or about May 16, 2014, Defendant Terminix operated a motor vehicle in Tampa, Florida that collided with Plaintiff's golf cart and resulted in bodily injury to Plaintiff.

    As a result, Plaintiff sued Terminix in state court asserting a claim for negligence against Terminix. Plaintiff states in her amended complaint that she is seeking damages in excess of $15,000. Terminix timely removed the case to this Court on February 9, 2016 on the basis of diversity subject matter jurisdiction. There is no dispute that the parties are diverse. However, Plaintiff filed the instant motion to remand, arguing that the amount in controversy threshold is not met, and therefore, this Court lacks diversity subject matter jurisdiction.

**II.  MOTION TO REMAND**

    Plaintiff argues that this case must be remanded to state court, because Terminix has not met its burden of showing that the amount in controversy exceeds $75,000. Plaintiff is correct that

Terminix has the burden of establishing that federal jurisdiction exists. *See Williams v. Best Buy Co., Inc.,* 269 F.3d 1316, 1319 (11th Cir. 2001) (citation omitted).

Since Plaintiff has not pled a specific amount of damages in her complaint, Terminix must prove by a preponderance of the evidence that the amount in controversy meets the jurisdictional requirement. *See id.* (citation omitted). As explained by the Eleventh Circuit Court of Appeals:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. . . . A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

*Id.* at 1319-20.

On the other hand, "a removing defendant is not required to prove the amount in controversy beyond all doubt or to banish all uncertainty about it." *See Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010) (citations omitted). The use of reasonable inferences and deductions is permissible to show the amount that is in controversy in the case. *See id.* at 754. However, courts must be mindful that removal statutes are construed narrowly and that uncertainties are resolved in favor of remand. *See Burns v. Windsor*, 31 F.3d 1092, 1095 (11th Cir. 1994) (citations omitted).

To support its contention that the amount in controversy exceeds $75,000, Terminix relies on a June 12, 2015 pre-suit demand letter sent from Plaintiff's attorney to Defendant seeking $1,277,866.36 in damages. Dkt. 1-1. The pre-suit demand letter breaks down the damages as follows:

    $15,107.33 – Lien by workers compensation carrier

    $59,120.19 – Total medical bills

    $803,638.84 – Future medical expenses (as outlined in the attached certified life care plan)[1]

    **$877,866.36** – Total past and future medical bills

    $400,000 – nonmedical compensation demand

    $1,277,866.36 TOTAL DEMAND

Based on the pre-suit demand letter, Terminix argues that it has shown that the amount in controversy exceeds $75,000.

Plaintiff, however, denies that the amount in controversy exceeds $75,000. Plaintiff argues that the demand letter alone does not establish the amount in controversy, and the Court should not consider it as an "other paper" because it was served more than a year before this case was filed. However, Plaintiff's position is without support. In fact, the case Plaintiff cites in support of her argument states that "defendants can use demand letters, as 'other paper' under 28 U.S.C. § 1446(b), to determine whether a case is removable." *Golden v. Dodge–Markham Co., Inc.,* 1 F. Supp. 2d 1360, 1364 (M.D. Fla. 1998). And, while a demand letter may not be determinative, "it counts for something." *Burns v. Windsor,* 31 F.3d 1092, 1097 (11th Cir. 1994).

The demand letter can be mere posturing and the actual amount in controversy is below the district court's jurisdictional limit of $75,000. *See, e.g., Mick v. De Vilbiss Air Power Co.*, No. 6:10-cv-1390-Orl-28GJK, 2010 WL 5140849 (M.D. Fla. Dec. 14, 2010 (stating that "[i]ndeed, not every demand letter is persuasive in determining the amount in controversy. A demand letter devoid of facts enabling the receiver to evaluate the claim may be considered nothing more than mere posturing.") (citation omitted).

Here, the pre-suit demand letter reflects Plaintiff's view of the case and Defendant has

---

[1] The Certified Life Care Plan is not attached to the pre-suit demand letter filed by Terminix.

persuaded the Court that Plaintiff's damages are more likely than not to exceed $75,000. The pre-suit demand letter contains sufficient facts to evaluate Plaintiff's demand that Terminix pay $1,277,866.36 to settle the claim. According to the letter, following the accident, Plaintiff visited five physicians for evaluation and was diagnosed and/or treated for a myriad of medical conditions stemming from the accident. At the time of the pre-suit demand letter, Plaintiff's medical bills had already reached $59,120.19. Dkt. 1-1 at 4. The chiropractor that saw Plaintiff diagnosed her with permanent spinal impairment of 8% for her whole body, 6% for cervical, and 2% for lumbar. Dkt. 1-1 at 3. The chiropractor anticipated that Plaintiff would have future exacerbations and remissions as a result of her normal daily activity and work directly related to the accident. *Id.* The pre-suit demand letter states that Plaintiff's future medical treatment could include chiropractic care, massage therapy, electric muscle stimulation, epidural blocks, myelograms, MRSs, surgery, physical therapy, and medications. This future medical treatment is valued at $803,638.84. While Terminix does not attach the Certified Life Care Plan that was allegedly attached to the pre-suit demand letter and outlined the future medical expenses, the pre-suit demand letter is sufficiently detailed with doctor visits and diagnosis for the Court to determine that the amount in controversy more likely than not exceeds $75,000.

### III. CONCLUSION

Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion to Remand (Dkt. 11) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 13th day of April, 2016.

SUSAN C. BUCKLEW
United States District Judge

Copies To: Counsel of Record and Parties